IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| JAMES TALLEY | PLAINTIFF |
| V. | CASE NO. 11-1044 |
| SHAW MAINTENANCE, INC. | DEFENDANT |

### PROTECTIVE ORDER

The parties hereby agree and the Court hereby orders a Protective Order pursuant to Rule 26(c) as follows:

1. In connection with any and all discovery in this action, any party may designate any document or other information produced (collectively referred to herein as "Material") to be "Confidential Information" under the terms of this Stipulation.

2. A party may designate Material as Confidential Information if that party in good faith believes that such Material constitutes or reflects information that constitutes confidential financial, medical, or employment information; trade secrets; confidential business or project related information; and/or information pertaining to individuals not parties to this litigation.

3. Designation of Material may be made by stamping or otherwise marking the Material prior to filing or production as follows: "CONFIDENTIAL." Such marking shall occur on every page of the Material that is designated as Confidential Information.

4. Testimony given at deposition, conference, hearing, arbitration, trial or other proceeding may be designated as Confidential Information by making a statement to that effect on the record at such proceeding. Arrangements shall be made with the court reporter, if any, transcribing such testimony to bind separately any portions of the transcript containing Confidential Information, including Confidential Information introduced as exhibits at the proceeding, and to label such portions "CONFIDENTIAL." A party may designate testimony and/or exhibits to a deposition as Confidential Information by notifying the other party of such designation within

twenty (20) days of the party's receipt of the deposition transcription. Such information is not protected by this Stipulation and Order until it has been designated as Confidential Information.

5. Material disclosed in response to Interrogatories or other written discovery may be designated as Confidential Information by indicating the same in bold and capitalized letters in the response.

6. Confidential Information may be disclosed or made available only to the following individuals and to the extent reasonably necessary for the purpose of assisting in the prosecution or defense of this litigation:

    a. The Court, including its staff;

    b. Counsel to the parties in this litigation, including partners and associate attorneys, paralegals, clerical and other support staff who are employed by such counsel and are assisting counsel in this litigation;

    c. Parties, in this litigation;

    d. Court reporters who record deposition or other testimony in this litigation;

    e. Expert witnesses and/or consultants retained by parties or their counsel for this litigation;

    f. Third party witnesses at any deposition or other proceeding in this action;

    g. Any mediator and/or arbitrator engaged to assist in the resolution of this litigation; and

    h. Any other person as to whom the parties agree in writing.

Any person identified in Paragraphs 6(c), 6(e), 6(f), 6(g), and 6(h) shall retain Confidential Information only as reasonably necessary for the purposes of their role in this litigation and shall return any Confidential Information to counsel who provided the information to them after such purposes have been achieved.

7. Prior to receiving any Confidential Information, any person identified in Paragraph 6(c) through 6(h) shall be provided with a copy of this Stipulation and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Appendix "A" to this Stipulation. Counsel making disclosure to any person described herein shall retain the original executed copy of the certificate until final resolution of this litigation.

8. Confidential Information shall be used or disclosed solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other reasons, including any business competitive purposes, governmental purpose, or personal purposes. The non-producing party must use or disclose Confidential Information only in accordance with the provisions of this Protective Order.

9. If Confidential Information is included in any Material to be filed with the Court, such Material shall be labeled "CONFIDENTIAL" and filed or otherwise submitted in accordance with the Court's rules for such Material. Any party claiming confidentiality with respect to the Confidential Information may file a motion to seal the records.

10. A party receiving from another party Material that has been designated as Confidential Information pursuant to this Stipulation may object in writing to the designation and must state the reasons for such objection with respect to each item. The parties shall then meet and confer in good faith regarding the designation. If the parties are unable to come to an agreement regarding the designation, the party challenging the designation shall be obligated to file a motion with the Court challenging such designation.

11. In the event that any Confidential Information is used in any court, arbitration, mediation, deposition, or other proceeding in this action, such use shall not affect its confidential status.

12. This Stipulation shall be without prejudice to the right of any party to: (a) bring before the Court at any time the question of whether any particular Material is confidential; (b) present an application or motion to the Court for a protective order as to any particular Material, including one requesting restrictions different from those specified herein; (c) object to the production of any Material it reasonably considers not subject to discovery; and/or (d) apply to or move the Court for an order compelling production of Material or modifying this Stipulation or any order otherwise permitting disclosure of Confidential Information beyond the terms of this Stipulation.

13. If a party, through inadvertence, produces any confidential information or documents without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, of such confidential information to persons not authorized to receive confidential information shall not be deemed by a violation of this Order.

14. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving to the Court to compel production of the returned documents and/or information.

15. Nothing in this Order shall be deemed a waiver of any party's right to object to production of any documents or other tangible things or answers to interrogatories for lack of timeliness, relevance or materiality, or as a privileged communication, or as trial preparation materials, or as not reasonably calculated to lead to the discovery of admissible evidence.

16. Within sixty (60) days of the conclusion of the trial and of any appeals, or upon other resolution of this litigation, all Material designated as Confidential Information received under the provision of this Stipulation shall be tendered back to the producing party, person, or entity, or, at the direction of the Court or producing party, person, or entity, be destroyed.

17. This Stipulation is entered solely for the purpose of facilitating the exchange of Material between the parties without unnecessarily involving the Court. No party admits anything or waives any otherwise unaffected right by entering into this Stipulation or performing under this Stipulation. No party shall argue, question, or imply in any way before a jury or other trier of fact that the designation of any Material as Confidential Information is improper or suspect, or that any adverse inferences may be drawn from the designation. (The parties acknowledge that this provision does not prevent any party from challenging the confidentiality of any Material as provided in Paragraph 12 before the Court by pre-trial motion or other proceeding outside the presence of a jury despite the fact that the Court may serve as a trier of fact.)

18. Nothing in this Stipulation shall impose any restriction on the use or disclosure by a party of Material that it obtains independent of discovery and other proceedings in this action, without regard to whether such Material is also produced through discovery or other proceedings in this Action. This Stipulation also does not impose any restriction on any party regarding disclosure of its own Confidential Information if it so wishes.

19. The Court may enter such other and further relief as it deems appropriate and this Order is without prejudice to the right of any party to apply for such relief.

20. If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of Confidential Information that a party has obtained pursuant to this Protective Order, that party shall promptly notify the Producing Party of the subpoena or production order.

Such notice must be provided in sufficient time to give the Producing party, if possible, the opportunity to participate in quashing, modifying, or otherwise responding to any compulsory process in an appropriate and timely manner. Upon the filing by the Producing Party of a motion to quash or for protective order, the Subpoenaed Party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production.

21. The provisions of this Protective Order shall survive the termination of this action and continue in full force and effect until further order of this Court.

22. This Court shall retain jurisdiction over this Protective Order and the parties, their counsel, and those persons to whom the Confidential Information was disclosed for the purposes of enforcing the terms of this Protective Order.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the above Protective Order be and hereby is entered as an Order of the Court in the above-captioned matter.

SO ORDERED, El Dorado, Arkansas, this 3rd day of November, 2011.

_____
UNITED STATES JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 0 3 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES TALLEY                                                                                                  PLAINTIFF

V.                                                                                                   CASE NO. 11-1044

SHAW MAINTENANCE, INC.                                  DEFENDANT

### APPENDIX "A"

I have read the Protective Order, which was executed and entered in the above-captioned matter, and I agree to abide by all of its terms and conditions. I acknowledge and affirm that I understand any disclosure, whether written, verbal, oral and/or through any electronic or recorded means, of any information which is subject to the Protective Order, to any person, entity or organization is expressly prohibited. I acknowledge that I will keep confidential and will not disseminate or disclose any of the information which I receive or view or hear about that is subject to the Protective Order.

_____
Printed Name

_____
Signature

_____
Date